**E-FILED**
Wednesday, 07 January, 2015 09:53:42 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE A. WOODS, ) ) Plaintiff, ) ) v. ) ) LT. HITCHENS, et al., ) ) Defendants. ) | 14-CV-1350 |

## MERIT REVIEW OPINION

JAMES E. SHADID, U.S. District Judge.

Plaintiff filed this case pro se from the Pontiac Correctional Center. He is now incarcerated in the Livingston County Jail.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

# ANALYSIS

The alleged incidents occurred in the Pontiac Correctional Center. On February 3, 2014, Plaintiff was allegedly placed in a segregation cell with no mattress or bedding; feces allegedly covered the observation windows and a clogged toilet was filled with feces and urine. Plaintiff's pleas for cleaning supplies were allegedly ignored, so he cleaned the feces off the observation windows with his own boxer shorts, which he was forced to do to receive a food tray. That evening, he received a mattress but no bedding; the cell was allegedly so cold that he had to rip the mattress open in order to keep warm. Plaintiff allegedly received no underwear, socks, towels, or sheets for three months.

Plaintiff states an Eighth Amendment conditions-of-confinement claim based on the alleged conditions in the cell. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir.2006) (humane prison conditions include adequate sanitation and hygiene). Plaintiff alleges that all of the Defendants personally observed these conditions but did nothing, so at this point all of the Defendants will remain in the case.

A review of computerized records shows that Plaintiff has filed at least 10 federal cases since 2011, several of them involving claims of alleged excessive force and feces-covered cells. Last March, Judge Reagan in the Southern District granted summary judgment to Defendants on an excessive force claim by Plaintiff. According to Judge Reagan's opinion, Plaintiff banged his own head on the cell wall repeatedly, "broke open a scab in the middle of his forehead, which began bleeding, and used the blood to write 'Die MHP[mental health professional]'" on the wall. *Woods v. Walters*, 11-CV-0595 (S.D. Ill, 8/3/14 Order).

Plaintiff should be aware that if further development of the record in this case shows that Plaintiff's claims lack evidentiary support or were filed for improper purposes then this case could be dismissed or other sanctions could be assessed against Plaintiff. Fed. R. Civ. P. 11(b)("By presenting to the court a pleading, . . . an attorney or unrepresented party certifies that . . .(1) it is not being presented for any improper purpose, such as to harass, . . . [and] (3) the factual contentions have evidentiary support . . . ."). At this point, the case will proceed pursuant to the standard procedures.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for inhumane conditions of confinement. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status

of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

12) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: January 7, 2015.

FOR THE COURT:

                      **s/James E. Shadid**
                      JAMES E. SHADID
            UNITED STATES DISTRICT JUDGE